UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
IN ADMIRALTY

| | |
|---|---|
| James Robertson and Kathryn Robertson, ) | |
| ) | CIVIL ACTION NO: 2:26-cv-00289-DCN |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| M/V UNO MAS, a 28' Cobia (North Carolina ) | |
| Registration Number NC 0784 EZ), her ) | |
| engines, tackle, boilers, and appurtenances, ) | |
| *in rem*, and Brian Patrick Demos, *in personam*, ) | |
| ) | |
| Defendants. ) | |
| ) | (Non-Jury) |

## PLAINTIFFS' ORIGINAL VERIFIED COMPLAINT

COME NOW James Robertson and Kathryn Robertson ("Plaintiffs") and, complaining *in personam* of Brian Patrick Demos and *in rem* against the M/V UNO MAS, a 28' Cobia center console vessel, North Carolina Registration Number NC 0784 EZ, her engines, tackle, boilers, and appurtenances, (the "Vessel") (collectively "Defendants"), would show this Honorable Court as follows:

1. This is a maritime personal injury claim arising out of Defendants' negligence and the resulting injury to Kathryn Robertson while a passenger aboard the Vessel, owned and operated by Brian Patrick Demos on or about June 9, 2023 in the waters surrounding the North Edisto Inlet adjacent to Charleston County, South Carolina (the "Incident").

2. Plaintiff James Robertson and his wife, Plaintiff Kathryn Robertson, are domiciled in the State of South Carolina.

1

3. Upon information and belief, Defendant Brian Patrick Demos (hereinafter "Brian Demos") is domiciled in the State of North Carolina and was at all times material the owner and operator of the Vessel within South Carolina.

4. Upon information and belief, the Vessel was/is at all times material hereto being berthed at the Charleston Harbor Marina within the Charleston Division.

5. At all times material hereto, Plaintiffs were passengers lawfully aboard the Vessel, which was at all times material being operated upon the navigable waters of the United States and within the territorial waters of the State of South Carolina and is now or will during the pendency of this action be within the jurisdiction of this Honorable Court.

6. This action is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure; Plaintiffs invoke the original admiralty jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 1333(1).

7. This case is governed by the General Maritime Law of the United States and laws supplemental thereto and amendatory thereof.

8. Venue is proper in this Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the acts and omissions giving rise to this claim occurred within the Charleston Division.

## FACTS PERTINENT TO ALL CAUSES OF ACTION

9. Plaintiffs incorporate by express reference the above responses and allegations as if set forth herein verbatim.

10. In the summer of 2023, Defendant Brian Demos invited Plaintiffs for an outing aboard the M/V UNO MAS, his Cobia 280 center console boat, with several others.

2

11. Plaintiffs and Defendant Brian Demos, along with five other friends, boarded the Vessel at the Charleston Harbor Marina in Charleston, South Carolina at approximately 10:30 A.M. on the morning of June 9, 2023.

12. Brian Demos gave no safety or seating instructions to the passengers before or during the voyage.

13. After the passengers boarded the Vessel, Defendant Brian Demos navigated the Vessel from Charleston Harbor up the Stono River and then up the Toogoodoo to a friend's home for lunch and drinks at the Roxbury Mercantile.

14. After lunch, Brian Demos next took the group to the Salty Dog Café on Seabrook Island and to the Sanctuary Hotel for more drinks.

15. Brian Demos was drinking alcohol at each of these establishments and while aboard the Vessel.

16. The group left Seabrook Island in the Vessel at a little after 5:00 P.M. to head back to Charleston Harbor. Upon boarding the Vessel for the return trip, Plaintiff Kathryn Robertson sat on the seat on the starboard side of the bow of the Vessel and Plaintiff James Robertson stood on the port side of the center console.

17. On the return trip, Brian Demos decided to operate the Vessel through the North Edisto Inlet into the Atlantic Ocean to proceed back to Charleston Harbor.

18. As the Vessel reached the mouth of the Inlet and turned northward towards Charleston, Brian Demos was operating the Vessel at a high rate of speed when he crossed the outer inlet sandbars. At the bar crossing, the Vessel encountered several large waves, and Brian

Demos continued across the waves without slowing the Vessel to an appropriate speed and without navigating the Vessel so as to minimize its impact on the Vessel and the passengers aboard.

19. As the Vessel approached the waves, Plaintiff Kathryn Robertson's seating position on the starboard bow was especially exposed to the effects of the oncoming waves on the Vessel's starboard bow.

20. As the Vessel crossed the first wave at speed, which was approaching slightly from the starboard side, the Vessel's bow heaved violently and tossed Kathryn Robertson into the air. As the Vessel's bow landed in the wave's trough, Kathryn Robertson lost her handhold and landed awkwardly, partially upon the seat in which she was sitting and partially off of the seat over the deck. The Vessel then immediately encountered another wave which again tossed Mrs. Robertson into the air and slightly backward. This time, Mrs. Robertson landed on the Vessel's deck, fracturing her spine in three places, breaking her thumb, and causing her to sustain other serious personal injuries.

21. After her injury, Mrs. Robertson suffered through an approximately 40-minute return trip to Bohicket Marina with a broken back and thumb, where she was met by Emergency Medical Services and taken by ambulance to Roper St. Francis Hospital in Charleston.

## FOR A FIRST CAUSE OF ACTION
(General Maritime Law Negligence)

22. Plaintiffs incorporate by express reference the above responses and allegations as if set forth herein verbatim.

4

23. As the owner and operator of the Vessel upon the navigable waters of the United States, Defendant Brian Demos owed Plaintiff Kathryn Robertson a duty of reasonable care under the circumstances.

24. Defendants breached their duty to Plaintiffs and were negligent, were negligent *per se*, grossly negligent, or reckless in one or more of the following ways that directly and proximately caused serious personal injury to Kathryn Robertson and damages to James Robertson.

25. Defendants' errors, omissions and breaches arise out of:

    a. Operating the Vessel at an unsafe speed through hazardous conditions;

    b. Failing to provide safety instructions or warnings to passengers regarding the risks of high-speed navigation through large waves;

    c. Failing to warn passengers prior to hazardous conditions or maneuvers;

    d. Failing to ensure passengers were safely seated or secured during hazardous conditions or maneuvers;

    e. Failing to maintain a proper lookout and to appraise the risk of injury to passengers;

    f. Failing to exercise reasonable care in the operation and control of the Vessel under the prevailing circumstances; and

    g. Operation of the Vessel in violation of the U.S. Inland Navigation Rules authorized by 33 U.S.C. § 2071 and promulgated at 33 C.F.R. § 83.01, *et seq*.

26. The Defendant's operation of the Vessel was grossly negligent, and/or reckless under the circumstances then and there prevailing, including but not limited to the following:

a. In Defendant's failing to warn Kathryn Robertson of his intent to operate the Vessel through the high seas in the inlet at a high rate of speed;

b. In failing to ensure that Kathryn Robertson was seated in a safe location on the Vessel for the intended passing through the inlet;

c. In operating the Vessel in violation of state and federal laws and regulations which were intended to prevent harm to passengers such as Kathryn Robertson;

d. In failing to make a full appraisal of the situation and risk of collision or allision;

e. In failing to take reasonable steps or actions to avoid collision or allision;

f. In failing to operate or control the Vessel in a reasonable manner;

g. In failing to exercise reasonable care under the circumstances to prevent harm to Kathryn Robertson;

h. In failing to take those precautions required under the circumstances by the ordinary practice of seamen;

i. In failing to adopt reasonable procedures for the operation of the Vessel in inlets or other areas of heavy seas;

j. In failing to adopt reasonable procedures for the seating of passengers aboard the Vessel when the Vessel is being operated in inlets or other areas of heavy seas;

k. In failing to take other reasonable steps to prevent harm to Kathryn Robertson in the circumstances then and there prevailing which are required by persons of ordinary prudence under those circumstances;

6

 l. In violating state and/or federal statutes as may be shown at trial of this matter; and

 m. In such other and further particulars as may be proven at trial of this matter.

27. Plaintiffs were members of the class of persons the above-referenced statutes and regulations were intended to protect.

28. As a foreseeable, direct, and proximate result of Defendants' said acts and omissions, including their statutory and regulatory violations which constitute negligence *per se*, Plaintiff Kathryn Robertson suffered serious personal injury and has endured extreme pain and suffering, including but not limited to:

 a. Burst fractures at three locations in her vertebrae;

 b. Severe pain in her back;

 c. Permanent pain and discomfort in her back;

 d. Severe pain in her hand and thumb;

 e. Limitations on her ability to perform everyday physical activities;

 f. Emotional pain;

 g. Past and future medical expenses;

 h. Physical pain and suffering and mental anguish; and

 i. Other damages as may be shown at trial of this matter.

29. As a direct and proximate result of the foregoing negligence, gross negligence, recklessness, carelessness, acts, errors, omissions, and want of due diligence and other

improper activities of Defendants, Plaintiff James Robertson has suffered a loss of consortium as set forth herein below.

30. As a result of the foregoing negligence, gross negligence, recklessness, carelessness, acts, errors, omissions, and want of due diligence and other improper activities of Defendants, Plaintiff Kathryn Robertson is entitled to an award under the General Maritime Law of actual damages, including special and consequential damages to be determined by the trier of fact at trial of this matter, to prejudgment interest from the date of the Incident, the costs of this action, and for punitive damages upon a showing of grossly negligent or reckless conduct to deter future like conduct.

## FOR A SECOND CAUSE OF ACTION
(Loss of Consortium)

31. Plaintiffs incorporate by express reference the above responses and allegations as if set forth herein verbatim.

32. As a direct and proximate result of the injury to his wife Kathryn Robertson, Plaintiff James Robertson has suffered a loss of consortium, love, and affection of his wife.

33. As a direct and proximate result of the injury to Kathryn Robertson, James Robertson has suffered and will continue to suffer a loss companionship from his wife, is now required to provide her with additional care and assistance and is no longer able to participate in elements of his life which he enjoyed prior to her injury.

34. James Robertson is entitled to an award under the General Maritime Law for loss of consortium in an amount to be determined by the trier of fact at the trial of this matter.

## FOR A THIRD CAUSE OF ACTION

(Maritime Tort Lien)

35. Plaintiffs incorporate by express reference the above responses and allegations as if set forth herein verbatim.

36. As a direct and proximate result of the foregoing, Plaintiff is entitled to and has a first priority maritime tort lien upon the Defendant Vessel in the amount of her actual and consequential damages, costs, and pre-judgment interest and is entitled to enforcement of her lien under the Supplemental Rules for Admiralty and Maritime Claims.

WHEREFORE, by reason of the foregoing, Plaintiffs pray that summons issue citing Defendants to appear and answer the aforesaid matters, that process issue in due form of law according to the practice of this Court, that bench trial be had as to all factual matters herein, that judgment be rendered for Plaintiffs against Defendants, that Plaintiffs be compensated and awarded compensatory, special, general, and punitive damages, pre-judgment interest, and costs of this action, and that this Court grant any such other amount or other relief as may be proved herein or that justice may require.

**RESPECTFULLY SUBMITTED BY:**

**COOPER & BILBREY, P.C.**

By: s/John Townsend Cooper
JOHN TOWNSEND COOPER, ESQUIRE
    Federal Court ID 10172
    South Carolina Bar 76087
    jtc@jhcooper.com
ALBERT G. BILBREY, JR, ESQUIRE
    Federal Court ID 12938
    South Carolina Bar 103799
    aj@jhcooper.com
PO BOX 22513
Charleston, SC 29413
O 843-883-9099; F 843-883-9335

*-and-*

**MATT MASON LAW FIRM, LLC**
Matthew Mason, Esquire
Federal Court ID: 12018
South Carolina Bar: 76632
6650 Rivers Avenue
North Charleston, SC 29406
matt@mattmasonlawfirm.com
843-576-1866
*Attorneys for Plaintiffs*
*Kathryn Robertson and James Robertson*

January 27, 2026
Charleston, South Carolina